Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON - AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No. 2:05-cv-01386-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JOHN A. ROMAN; GLOBAL HEALINGS | ) | |
| SOCIETY c/o JOSEPH A. GARDINIER; | ) | |
| USSYS, UNINC.; and KING COUNTY, | ) | |
| DEPARTMENT OF ASSESSMENTS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter has come before the Court on the government's motion for summary judgment against the two defendants remaining in this action, John A. Roman and Global Healings Society ("Defendants"). (Dkt. No. 22.)  Defendants did not file any opposition to the motion.  Local Rule CR 7(b)(2) provides that failure to oppose a motion may be construed by the Court as an admission that the motion has merit.  In addition, having reviewed the motion and the record in this case, the Court finds that there is no genuine issue as to any material fact and the United States is entitled to judgment as a matter of law.

The government brought this action against Defendant Roman in order to reduce unpaid federal tax assessments against him to judgment.  The last federal income tax return filed by Defendant Roman was in 1982.  For the years 1988-2002, the Internal Revenue Service ("IRS") prepared substitutes for returns based on Forms 1099 provided by third parties who had had dealings with Defendant Roman.  The

Order
Civ. No. 2:05-cv-01386-JCC

U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 307-6422
- 1 -
1462991.1

Honorable John C. Coughenour

assessments amounted to $537, 531.16 as of December 15, 2005.  The government now seeks to foreclose on real property, located at 23117 N.E. 8th St., Sammamish, Washington 98074 ("Subject Property").  This property is nominally titled in the name of Defendant Global Healings Society, an alleged 508(a) non-profit corporation whose self-described purpose is to help people "understand and exercise their God-given rights as a true American Citizen and not this citizen of THE UNITED STATES CORPORATION."  *See* www.globalhealingssociety.org (capital letters in original).

Defendant Roman does not contest that tax assessments have, in fact, been made, nor does he contend that he has paid the assessments against him.  In addition to Defendant Roman's silence on these issues, the record also establishes both of these facts.  Therefore, the Court finds that summary judgment in favor of the United States is appropriate.  *Adams v. United States*, 358 F.2d 986, 994 (Ct. Cl. 1966).

As Defendant Roman failed to pay upon the IRS's demand, federal tax liens securing his unpaid tax liabilities automatically attached to the Subject Property.  The notices of the tax liens securing Defendant Roman's unpaid tax liabilities for the years 1988-1993 were recorded in 1995 and 1996, prior to Defendant Roman's attempt to transfer the Subject Property to Global Healings Society.  Because these liens preceded the attempted transfer of the property, the United States may foreclose on the property in connection with Defendant Roman's unpaid tax liabilities from 1988-1993.

The notices of the tax liens securing Defendant Roman's unpaid tax liabilities for the years 1996-2002 were recorded after Defendant Roman's attempted transfer of the Subject Property to the Global Healings Society.  However, because the United States has shown that there is no genuine issue of material fact that Global Healings Society is no more than a nominee, even if the transfer of the Subject Property to the Society was valid, the Subject Property is still subject to a tax lien attaching to Defendant Roman's subject property. *See, G.M. Leasing Corp. v. United States*, 429 U.S. 338 (1977).  Accordingly, the Court finds that the United States may foreclose on the Subject Property in connection with Defendant Roman's unpaid tax liabilities from 1996-2002.

**U.S. Department of Justice**
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:  (202) 307-6422

Order
Civ. No. 2:05-cv-01386-JCC

- 2 -

1462991.1

Honorable John C. Coughenour

Accordingly, the United States' motion for summary judgment is hereby GRANTED, and it is hereby ORDERED:

1.  Judgment shall be entered in favor of the United States and against John A. Roman for the outstanding assessed balance of the unpaid assessments of Form 1040 federal income taxes for years 1988-2002, together with accrued but unassessed statutory interest and penalties, in the amount of $537,531.16 as of December 15, 2005.  If payment is made after December 15, 2005, interest will continue to daily accrue at the floating rate set by the Secretary of the Treasury.  See 28 U.S.C. § 1921(c); 26 U.S.C. §§ 6601(a), 6621(a).  The assessed amounts due are as follows:

//

| Type of Tax | Tax Year | Tax Deficiency | Balance Due |
|---|---|---|---|
| 1040 | 1988 | $ 46,881.67 | $ 103,565.34 |
| 1040 | 1989 | $ 40,617.18 | $ 90,580.90 |
| 1040 | 1990 | $ 60,180.37 | $ 135,031.27 |
| 1040 | 1993 | $ 30,105.11 | $ 64,149.59 |
| 1040 | 1996 | $ 19,497.95 | $ 45,540.75 |
| 1040 | 1995 | $ 12,874.93 | $ 14,600.65 |
| 1040 | 1997 | $ 5,621.73 | $ 6,368.14 |
| 1040 | 1998 | $ 18,632.29 | $ 21,045.39 |
| 1040 | 1999 | $ 14,490.03 | $ 16,861.70 |
| 1040 | 2000 | $ 8,203.50 | $ 9,886.65 |
| 1040 | 2001 | $ 12,687.42 | $ 14,312.46 |
| 1040 | 2002 | $ 13,494.95 | $ 15,588.35 |
| | | $ 283,287.13 | $ 537,531.16* |

*Does not include interest and accruals if payment is made after December 15, 2005.

2.  The United States has valid and subsisting tax liens against the real property of John A. Roman, nominally titled in the name of Global Healings Society, namely, the real property located at 23117 N.E. 8th Street, Sammamish, Washington 98074 (hereinafter the "Property"), which is more

Order
Civ. No. 2:05-cv-01386-JCC

U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6422

- 3 -

1462991.1

Honorable John C. Coughenour

particularly described as follows: the east half of the Northeast quarter of the Northwest quarter of the Northwest quarter of Section 34, Township 25 North, Range 6 East, Willamette Meridian, in King County, Washington; except that portion thereof lying within the Northeast 8th Street right of way.

3.    The United States' tax liens on the Property are subordinate to a deed of trust in favor of defendant King County Department of Assessments, as previously stipulated by the parties. The Property is otherwise unencumbered.

4.    The United States' liens should be enforced and foreclosed against the Property through a judicial sale conducted by an IRS Property and Liquidation Specialist (PALS), pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 2001 and 2002. The United States shall submit a proposed order of sale within thirty days of the entry of judgment herein.

DATED this 8th day of March, 2006.

UNITED STATES DISTRICT JUDGE

**U.S. Department of Justice**
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6422

Order
Civ. No. 2:05-cv-01386-JCC

- 4 -

1462991.1